AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 3:19 mj 188
CELLULAR TELEPHONE ASSIGNED )
CALL NUMBER (937) 245-4320 )   MICHAEL J. NEWMAN
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A - This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | felon in possession of a firearm |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.
☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO PATRICK CRAUN, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/8/19

City and state: DAYTON, OHIO

_____
MICHAEL J. NEWMAN U.S. MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (937) 245-4320 (the "Target Cell Phone"), whose wireless service provider is AT&T Wireless, a company headquartered at 11760 US Highway 1 North Palm Beach, FL.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T Wireles

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Wireless, AT&T Wireless is required to disclose the Location Information to the government. In addition, AT&T Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T Wireless's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T Wireless's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

All information described above in Section I that will assist in arresting Kevin Lamar Green, who was charged with violating 18 U.S.C. Section 922(g)(1) on March 27, 2019, is the

subject of an arrest warrant issued on March 27, 2019, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).]

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(937) 245-4320** | Case No. 3:19 mj 188 <br><br> **Filed Under Seal** |
|---|---|

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Patrick Craun, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (937) 245-4320, (the "Target Cell Phone"), whose service provider is AT&T Wireless, a wireless telephone service provider headquartered at 11760 US Highway 1 North Palm Beach, FL. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Task Force Officer with the FBI, and have been since November 2018. I am a sworn law enforcement officer in the State of Ohio and have been for over thirteen (13) years. I am presently a sworn member of the Trotwood Police Department ("TPD"). I am

currently assigned to the Federal Bureau of Investigation's ("FBI") Southern Ohio Safe Streets Task Force ("SOSSTF" or "Task Force") as a Task Force Officer ("TFO"). I have received training in drug trafficking investigations and have conducted and participated in numerous such investigations (ultimately leading to successful prosecution) involving surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance that resulted in the seizure of narcotics, firearms, and United States currency. Based on my training and experience, I am familiar with federal drug and firearm laws, and I am aware the possession of a firearm by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Kevin Lamar Green (hereinafter "Kevin Green") has violated 18 U.S.C. § 922(g)(1), that being a "Felon in Possession of a Firearm." There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Kevin Green, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including members of the FBI SOSSTF, is conducting a criminal investigation of Kevin Green regarding a violation of 18 U.S.C. § 922(g)(1), that being a "Felon in Possession of a Firearm." On March 27, 2019, United States Magistrate Judge Sharon L. Ovington, in the Southern District of Ohio, authorized a criminal complaint and arrest warrant charging Kevin Green with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

8. Upon issuance of the arrest warrant for Kevin Green on March 27, 2019, members of SOSSTF conducted surveillance operations in an attempt to locate and arrest Kevin Green. Members of the SOSSTF identified two locations in which Kevin Green previously provided as his home address in recent police interactions. Additionally, members of the SOSSTF searched a number of law enforcement databases in an effort to identify possible addresses associated with Kevin Green. Despite these efforts to date, Kevin Green has not been located.

9. During the first week of April 2019, TFO Fred Zollers was contacted by Detective David Marcum of the Kettering Police Department ("KPD"). Detective Marcum advised TFO Zollers that KPD is conducting an investigation into Kevin Green on an unrelated matter. Detective Marcum contacted TFO Zollers after seeing that TFO Zollers searched Kevin Green through a law enforcement database on March 29, 2019. Detective Marcum advised TFO Zollers that a search through a law enforcement database had identified (937) 245-4320 as a likely number for Kevin Green. Detective Marcum further advised that he called (937) 245-4320 during the first week of April 2019 and left a voicemail requesting for Kevin Green to call him back. The following day, Detective Marcum received a call and voicemail from a male identifying himself as Kevin Green and inquiring as to why Detective Marcum was attempting to contact him. A search through the Accurint Virtual Crime Center database associated the number (937) 245-4320 to Kevin Green. According to the same search, (937) 245-4320 is

currently serviced by AT&T Wireless. TFO Craun contacted AT&T Wireless Law Enforcement Support and they confirmed that (937) 245-4320 was in fact an AT&T Wireless number at this time.

10. In my training and experience, I have learned AT&T Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

11. Based on my training and experience, I know that AT&T Wireless can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T Wireless's network or with such other reference points as may be reasonably available.

12. Based on my training and experience, I know that AT&T Wireless can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication;

(4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T Wireless typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

15. I further request that the Court direct AT&T Wireless to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T Wireless. I also request that the Court direct AT&T Wireless to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of

interference with AT&T Wireless's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T Wireless's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
TFO Patrick Craun
Taskforce Officer
FBI

Subscribed and sworn to before me on April 8, 2019

_____
HONORABLE MICHAEL NEWMAN
UNITED STATES MAGISTRATE JUDGE